IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SUNTRUST BANK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) CASE NO. _____ |
|   v. | ) |
| | ) |
| GERALD BLAINE RIPPLE, | ) |
| BARBARA LUKE RIPPLE, | ) |
| | ) |
|     Defendants. | ) |

**COMPLAINT REGARDING SUBORDINATE LIEN AGAINST REAL PROPERTY AND BREACH OF PROMISSORY NOTES**

Plaintiff files its Complaint as follows:

1. SunTrust Bank ["Plaintiff"] is a corporation organized under Georgia law, whose principal place of business is located in Georgia, of which it is a citizen for purposes of diversity jurisdiction, with standing to bring this action.

2. Defendant Gerald Blaine Ripple may be served at 4544 Shattalon Drive, Winston-Salem, North Carolina 27106 [the "Property"] or any place he may be found, who is a citizen of North Carolina for purposes of diversity jurisdiction.

3. Defendant Barbara Luke Ripple may be served at 4544 Shattalon Drive, Winston-Salem, North Carolina 27106 [the "Property"] or any place she may be found, who is a citizen of North Carolina for purposes of diversity jurisdiction.

1

4. Pursuant to 28 U.S.C. § 1332 (a), the Court has diversity jurisdiction over this action as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, inclusive of damages, per the aggregated value of all of Plaintiff's claims against the Defendants **_Liberty Mut. Fire Ins. Co. v. Hayes_**, 1997 U.S. App. LEXIS 24207 (4th Cir. 1997); The aggregated value of all of the claims includes the value of the real property. **_Peterson v. Sucro_**, 93 F.2d 878, 882 (4th Cir. 1938); The property value may be determined by the instrument governing the property. **_Waller v. Professional Ins. Corp._**, 296 F.2d 545, 547 (5th Circuit 1961) **_Burks v. Texas Co._**, 211 F.2d 443 (5th Circuit 1954) *See also* **_Ebensberger v. Sinclair Refining Co_**., 165 F.2d 803, 805 (5th Cir.), *cert. denied,* 335 U.S. 816, 69 S. Ct. 35, 93 L. Ed. 371 (1948); *cf.* **_Stinson v. Dousman_**, 61 U.S. (20 How.) 461, 466-67, 15 L. Ed. 966, 969 (1857)(equating value with contract price and finding the jurisdictional amount in controversy). In equitable actions, the amount in controversy is measured by the value of the object of the litigation. **_Hunt v. Washington State Apple Advertising Commission_**, 432 U.S. 333, 347-48, 97 S. Ct. 2434, 2443, (1977).

5. Alternatively, under 28 U.S.C. §1367, the Court should exercise supplemental jurisdiction over Plaintiff's claims not

entirely meeting the amount in controversy, arising from the same nucleus of operative facts and same parties and a relatively simple claim, namely the contractual claims below.

6. Under 28 U.S.C. §1391 and 113, venue is proper in the Court as the Defendants reside in the judicial district where this action is brought, a substantial part of the events or omissions giving rise to the claim occurred in this District and the Property that is the subject of this action is located in this District.

7. The real property [the "Property"] forming the basis for this action is located in Forsyth County, North Carolina, known as 4544 Shattalon Drive, Winston-Salem, North Carolina 27106 [the "Property"], which is further described below.

8. On or about 9/30/98, John F. Crissman and Neva N. Crissman conveyed the Property to the Defendants, per a Warranty Deed recorded at Forsyth County Deed Book 2027, page 1731, per a precise recorded copy of same incorporated as **Exhibit 1.**

9. The Warranty Deed described the Property as follows:

BEGINNING AT AN IRON STAKE IN THE SOUTH LINE OF THE RUBEN CONRAD PROPERTY AT THE WEST RIGHT OF WAY LINE OF SHATTALON DRIVE, WHICH SAID IRON STAKE BEING NORTH 86 DEGREES 44 MINUTES WEST AND 30 FEET NORTHWESTWARDLY OF A POINT IN SAID SHATTALON DRIVE, WHICH POINT IS THE SOUTHEAST CORNER OF THE RUBEN CONRAD PROPERTY AND ALSO J.T. THACKER CORNER AND RUNNING THENCE WITH THE WEST RIGHT OF WAY LINE OF SHATTALON DRIVE SOUTH 4 DEGREES 00 MINUTES WEST 132 FEET TO AN IRON STAKE, A NEW

3

CORNER; THENCE A NEW LINE NORTH 86 DEGREES 44 MINUTES WEST APPROXIMATELY 385 FEET TO AN IRON STAKE, A NEW CORNER IN THE EAST LINE OF GEORGE FLYNT ESTATE PROPERTY; THENCE WITH FLYNT'S LINE NORTH 5 DEGREES 23 MINUTES 132 FEET TO AN IRON STAKE IN THE RUBEN CONRAD LINE; THENCE SOUTH 86 DEGREES 44 MINUTES EAST WITH THE CONRAD LINE 382.5 FEET TO THE POINT AND PLACE OF BEGINNING.

THE SAME BEING THE SOUTHERLY PORTION OF A TRACT HERETOFORE ACQUIRED BY PURCHASE FROM MRS. NETTLE YARBROUGH (WIDOW), DEED OF SAME BEING DULY OF RECORD IN DEED BOOK 744, PAGE 272, FORSYTH COUNTY REGISTRY, NORTH CAROLINA, REFERENCE TO WHICH IS HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION.

10. On 6/19/01 and 6/25/01, the Defendants conveyed the Property to themselves creating two parcels for tax purposes, per Warranty Deeds recorded at Forsyth County Deed Book 2182, Page 5001, creating the First Parcel and at Forsyth County Deed Book 2182, Page 5023, creating the Second Parcel, per precise recorded copies of same incorporated as **Exhibit 2** and **Exhibit 2a.**

11. The Property, including both tax parcels, has an estimated fair market value of $349,400.00, as the First Parcel has an estimated fair market value of $200,800.00, while the Second Parcel has an estimated fair market value of $148,600.00, per a precise copy of the tax records of Forsyth County attached as **Exhibit 3** and **Exhibit 3a.**

12. On 11/25/03, the Defendants executed and delivered a Note to Washington Mutual Bank, F.A, for $138,000.00, describing the Second Parcel as the loan collateral, per a Deed of Trust

4

recorded 11/25/03 at Forsyth County Deed Book 2425, Page 3312, per a precise recorded copy of same attached as **Exhibit 4.**

13. On 12/28/04, the Defendants executed and delivered a Note to American Home Mortgage Acceptance, Inc. for $260,000.00, describing the First Parcel as the loan collateral, per a Deed of Trust recorded 1/3/05 at Forsyth County Deed Book 2531, Page 3194, per a precise recorded copy of same attached as **Exhibit 5.**

14. On 1/21/05, the Defendants executed and delivered a Note [the "First Central Note"] in the principal sum of $50,000.00 to Central Carolina Bank, currently in default, per a precise copy of the Note attached as **Exhibit 6.**

15. The entire Property was intended to be secured as collateral for the First Central Note per a Deed of Trust [the "Central Deed of Trust"] executed on 1/21/05, but never recorded, per a precise of same incorporated as **Exhibit 7.**

16. On 12/8/04, the Defendants executed and delivered a Note [the "Second Central Note"] to Central Carolina Bank in the principal sum of $49,000.00, regarding a different property and account, also currently in default, per a precise copy of same attached as **Exhibit 8.**

17. Plaintiff is the owner and holder of the Deeds and Notes by virtue of merger with Central Carolina Bank, its immediate parent, the National Bank of Commerce and its overall

5

parent, National Commerce Financial Corporation, per a precise copy of the Order of the United States Federal Reserve approving the merger, attached as **Exhibit 9.**

18. Accordingly, Plaintiff requires an order and decree to reestablish the Central Deed of Trust against the Property and correct the real estate records of Forsyth County.

19. Plaintiff seeks a junior lien on the Property which is subordinate to the above-referenced superior recorded mortgage liens, which does not require naming the current superior mortgage lien-holders as parties to this action.

20. Plaintiff also seeks recovery of the sums due under the promissory notes, which are both in default.

**COUNT I: DECLARATORY AND EQUITABLE RELIEF**

21. ¶ 1-20 are incorporated by reference.

22. It was the intent of the Plaintiff's predecessor in interest and the Defendants that the Property would be secured as collateral for the repayment of the First Note.

23. Plaintiff's predecessor in interest conferred the benefit of the funds evidenced by the First Central Note upon the Defendants, which was not provided gratuitously.

24. The Defendants knew the funds were not provided gratuitously by the Plaintiff, resulting in their acceptance of the First Note funds, which were intended to be secured by

6

Property per the Deed.

25. It would be inequitable for the Defendants to retain the benefit of the First Carolina Note funds without providing the Property as collateral for the funds.

26. Plaintiff lacks an adequate remedy at law because the Deed was never recorded, the original of which is missing, allowing the Defendants to unjustly enrich themselves by owning and conveying the Property without protection of Plaintiff's security interest, at Plaintiff's expense.

27. The Defendants are bound by the Central Notes, Central Deed of Trust and/or applicable covenants of title to support Plaintiff's claims in this action.

28. Per 28 U.S.C. § 2201 *et seq*, N.C. Gen. Stat. § 41-1 *et seq* and the Court's equitable powers, Plaintiff requests that the Court enter a judgment and decree, declaring and establishing that Plaintiff holds an equitable lien upon the Property to secure payment of the First Central Note, or other like relief, such as an equitable mortgage, constructive lien, constructive trust or other appropriate relief, relating back to the date of execution of the First Note, subordinate to the existing liens on the Property, correcting the real estate records of Forsyth County, North Carolina *instanter.*

## COUNT II: BREACH OF FIRST CENTRAL NOTE

29. ¶ 1-28 are incorporated by reference.

30. The Defendants failed to make scheduled installment payments under the First Note, in which they are in default, of which Plaintiff accelerated payment of the balance.

31. The Defendants are indebted to Plaintiff for the unpaid balance of the defaulted First Central Note.

32. Accordingly, Plaintiff is entitled to judgment against the Defendants for the unpaid balance of the defaulted First Note, plus interest, costs and attorney's fees.

33. Per N.C. Gen. Stat. § 6-21.2, the Defendants are notified that unless all principal, interest and other charges due to Plaintiff under the First Central Note are paid within five (5) days of the date of service of this Complaint, then Plaintiff shall be entitled to enforce and invoke the attorney's fees provisions of these Instruments and the Defendants shall be further indebted to Plaintiff for attorney's fees and costs.

## COUNT III: BREACH OF SECOND CENTRAL NOTE

34. ¶ 1-33 are incorporated by reference.

35. The Defendants failed to make scheduled installment payments under the Second Central Note, in which they are in default, of which Plaintiff accelerated payment of the balance.

36. The Defendants are indebted to Plaintiff for the unpaid balance of the defaulted Second Central Note.

37. Accordingly, Plaintiff is entitled to judgment against the Defendants for the unpaid balance of the defaulted Second Central Note, plus interest, costs and attorney's fees.

38. Per N.C. Gen. Stat. § 6-21.2, the Defendants are notified that unless all principal, interest and other charges due to Plaintiff under the Second Central Note are paid within five (5) days of the date of service of this Complaint, then Plaintiff shall be entitled to enforce and invoke the attorney's fees provisions of the Instruments and the Defendants shall be further indebted to Plaintiff for attorney's fees and costs.

39. Upon information and belief, the individual Defendants are not currently in the military, have not been in the military for the last thirty (30) days) and are not subject to protection under the Service Members Civil Relief Act.

WHEREFORE, Plaintiff prays for the following relief:

a) That under Count I, the Court enter a judgment and decree, declaring and establishing that Plaintiff holds a lien interest in the Property to secure payment of the First Central Note in the form of an equitable lien, constructive lien, constructive trust and/or other like relief, relating back to the date of execution of the First Central Note, correcting the

9

real estate records of Forsyth County, North Carolina *instanter*; and

    b) That under <u>Count II</u>, the Court enter judgment against the Defendants for the unpaid balance of the defaulted First Central Note, plus interest, costs and attorney's fees; and

    b) That under <u>Count III</u>, the Court enter judgment against the Defendants for the unpaid balance of the defaulted Second Central Note, plus interest, costs and attorney's fees; and

    c)   For such other just and proper relief.

Respectfully submitted this 13th day of September, 2010.

        By:   */s/ Mark A. Baker*_____
              Mark A. Baker
              JOHNSON & FREEDMAN, L.L.C
              1587 Northeast Expressway
              Atlanta, Georgia 30329
              Email: mabaker@jflegal.com
              Telephone: (770) 234-9181 x 8861
              Facsimile: (404)329-8179
              NC Bar No. 32382
              Attorneys for Plaintiff

        By:   */s/ Andrew R. Bickwit*_____
              Andrew R. Bickwit
              JOHNSON & FREEDMAN, L.L.C
              1587 Northeast Expressway
              Atlanta, Georgia 30329
              Email: arbickwit@jflegal.com
              Telephone: (770) 234-9181 x 8837
              Facsimile: (404)329-8048
              NC Bar No. 13255
              Attorneys for Plaintiff